UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61284-CIV-COHN/SELTZER

MICHAEL KAYE,

     Plaintiff,

v.

FOUNTAINE PAJOT, S.A.
and WILLMAR USA, INC.,

     Defendants.

_____/

## DEFENDANT FOUNTAINE PAJOT, S.A.'S SUPPLEMENT TO OCTOBER 22, 2007 MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Defendant, FOUNTAINE PAJOT, S.A., by and through undersigned counsel, hereby files

Supplement to October 22, 2007 Motion to Dismiss and Memorandum of Law in Support, and states

as follows:

## I.   INTRODUCTION

In FOUNTAINE PAJOT, S.A.'s ("Fountaine") October 22, 2007 Motion to Dismiss and

Memorandum of Law in Support ("Motion to Dismiss"), Fountaine argued that this Court did not

have personal jurisdiction over Fountaine because of Fountaine's lack of any substantial contacts

with Florida.  Fountaine also argued that this Court did not have jurisdiction over it because of the

forum selection clause in the Warranty, which was attached as Exhibit D to the Motion to Dismiss.

Subsequent to filing the Motion to Dismiss, the undersigned came across additional research which

supports the jurisdiction argument in the Motion to Dismiss.  Thus, the following is a summary of

the additional research as it relates to jurisdiction.

## II.    ARTICLE 15 OF THE FRENCH CIVIL CODE

### A.    Jurisdiction

In addition to the arguments relating to jurisdiction in the Motion to Dismiss, this case should be dismissed for lack of jurisdiction based on Article 15 of the French Civil Code ("Article 15"). Article 15 provides, "A French national shall have the possibility to be sued before a French court with respect to the obligations contracted by him in a foreign country, even with a foreigner." *Prestige Wine & Spirits, Inc. v. Martel and Co.*, 680 F. Supp. 743, 744 (D. Md. 1988). The *Cour de cassation* case of *Simitch v. Fairhurst* (Cass. 1e civ. Feb. 6, 1985) sets forth the applicable test to determine whether a United States court properly has jurisdiction over a French defendant.

> The *Simitch* test requires that, in order for a foreign court to have properly exercised its jurisdiction, the following requirements must be met: (1) the case must not fall within the exclusive jurisdiction of the French courts, (2) the circumstances of the case or judgment at issue must be linked in a "characterized manner" to the foreign court, and (3) the choice of the foreign court must not be fraudulent.

*In re Vivendi, S.A.*, 242 F.R.D. 76, 96 (S.D.N.Y. 2007).

Until recently, the law under the French Civil Code was such that a tenable argument could be made that French courts had exclusive jurisdiction over French defendants under Article 15 and that, absent waiver, French courts would never recognize a United States judgment entered against a French entity. *Id.* However, Fountaine concedes that the recent decision of *Cour de cassation* in *Prieur v. Montenach* (Cass. 1e civ. May 23, 2006) does not support the position that French courts have exclusive jurisdiction over French defendants in all cases as it held that, "Article 15 only provides for an optional jurisdiction of French courts." *Id.* at 97. Nonetheless, under Article 15, the French courts still have exclusive jurisdiction over French defendants in certain circumstances, such as those that are present in this case.

2

The Court in *In re Vivendi Universal, S.A.* analyzed the *Prieur* case in determining what circumstances are sufficient to warrant the exercise of jurisdiction by a U.S. court.  In *Prieur*, the French court found that the exercise of jurisdiction by Swiss courts was appropriate in an annulment proceeding where the husband and wife were both born in Switzerland, married in Switzerland under Swiss law, and established their marital residence in Switzerland.  The French court concluded that notwithstanding the fact that the husband was a French citizen, the ties to Switzerland justified referring the case to Swiss courts to rule on the annulment of a marriage.  *Id*.

The court stated that "unlike the parties in the *Prieur* case, the foreign shareholders in the putative class had no direct contacts with the United States, and did not purchase their Vivendi shares in the United States." *Id*.  Nonetheless, because the French corporation was operating in the United States, and the allegedly fraudulent scheme was in the United States, the court found that a French court would likely find a characterized link sufficient to satisfy the second element of the *Simitch* test.  *Id*.  Finally, the court determined that the plaintiff's choice of the United States court was not fraudulent, which is the third element in the *Simitch* test.  *Id*. at 98.  Therefore, the court determined that a judgment in this case would more likely than not be granted recognition at such time as an exequatur proceeding in France was instituted.  *Id*. at 102.

Unlike the circumstances in the *Prieur* and *Vivendi* cases, in this case it does not appear that a French court would find a sufficient or characterized link to warrant the exercise of jurisdiction by a U.S. court under any circumstances.  As discussed in detail in the Motion to Dismiss and in the Affidavit of Jean Francois Fountaine,[1] Fountaine manufactures its vessels in France, does not maintain any offices in Florida or anywhere in the United States of America, does not have any

---

[1] Jean Francois Fountaine's unattested affidavit is attached as Exhibit B to the Motion to Dismiss. Jean Francois Fountaine's revised attested affidavit is being filed contemporaneously with this Supplement.

B U N N E L L   W O U L F E   K I R S C H B A U M   K E L L E R   McI N T Y R E   G R E G O I R E   &   K L E I N   P . A .

ONE FINANCIAL PLAZA, SUITE 900 • 100 SOUTHEAST 3rd AVENUE • FORT LAUDERDALE, FLORIDA 33394 • 954.761.8600

agents, employees, or directors doing business in Florida or anywhere in the United States of America, and does not manufacture, sell, lease, or solicit orders for vessels in the United States of America. All of the involvement in the United States was between Willmar USA, Inc. and Plaintiff. All acts by Fountaine were in France. Thus, unlike the circumstances in *Vivendi* and *Prieur*, there is no characterized link between Fountaine and the United States sufficient to find that this Court has jurisdiction over this matter under the *Simitch* test.

**B.      Forum Non Conveniens**

Assuming that this Court does have jurisdiction over this case, which it does not, this case should still be dismissed on the grounds of *forum non conveniens*. "It is well-established that a federal district court has discretion to dismiss a case based on *forum non conveniens*." *Prestige Wine & Spirits, Inc.*, 680 F. Supp. at 744. "Application of this doctrine is particularly appropriate where the 'more convenient forum' is a foreign country, as opposed to another federal district." *Id.* (citing *Zinsler v. Marriott Corp.*, 605 F. Supp. 1499, 1504 (D. Md. 1985)).

The United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) discussed the factors that courts should review in determining whether the doctrine of *forum non conveniens* is applicable. It stated:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly

4

B U N N E L L   W O U L F E   K I R S C H B A U M   K E L L E R   M c I N T Y R E   G R E G O I R E   &   K L E I N   P . A .

ONE FINANCIAL PLAZA, SUITE 900 • 100 SOUTHEAST 3rd AVENUE • FORT LAUDERDALE, FLORIDA 33394 • 954.761.8600

in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id*. at 508-09.

"Courts generally dismiss actions pursuant to the doctrine of *forum non conveniens* when a foreign statute prevents enforcement of a United States judgment abroad and defendant lacks assets in the United States to allow for domestic enforcement." *Prestige Wine & Spirits,* 690 F. Supp. at 745. In *Olympic Corp. v. Societe Generale*, 333 F. Supp. 121, 123 (S.D. N.Y. 1971), *rev'd on other grounds*, 462 F.2d 376, 379 (2d Cir. 1972), the U.S. Court dismissed an action involving a French corporation on the grounds of *forum non conveniens* because the French courts would not enforce a United States judgment against the French national and because the French corporation lacked assets subject to attachment in the United States. Conversely, in *Prestige Wine & Spirits*, the court found that *forum non conveniens* was not a proper basis for dismissal of the action from the United States court where the defendants were not judgment proof in the United States and had assets which were subject to attachment in the United States.

In this case, as evidenced by the attested Affidavit of Jean Francois Fountaine, Fountaine does not have any assets in the United States. Moreover, it does not have any assets which are subject to attachment in the United States. Thus, it is clearly more similar to the case of *Olympic*

5

*Corp.* rather than *Prestige Wine & Spirits*, and this action is subject to dismissal based on *forum non conveniens*.

## III.    CONCLUSION

This Court does not have jurisdiction over Fountaine based on the arguments asserted in the October 22, 2007 Motion to Dismiss and Memorandum of Law and those as set forth in this Supplement, including but not limited to insufficient service of process and lack of personal jurisdiction. Although Article 15 of the French Civil Code does not necessarily provide for exclusive jurisdiction over French defendants in French courts, it appears that in this case, where there is no characterized link between the United States and Fountaine, that it is highly unlikely that a French court would recognize any judgment that is obtained in a United States court.  Additionally, this cause of action is subject to dismissal based on *forum non conveniens* because the factors weigh heavily in favor of this case being in France and because Fountaine does not have any assets or attachable assets for a judgment in the United States.  Therefore, this case should be dismissed as a matter of law based on the jurisdictional and substantive arguments as set forth in the Motion to Dismiss and Supplement.

WHEREFORE, Defendant, FOUNTAINE PAJOT, S.A., respectfully requests this Court enter an Order granting its Motion to Dismiss and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that on the 26th day of October, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on FARRIS J. MARTIN, III, ESQ., Counsel for Plaintiff, 119 Southeast 12th Street, Fort Lauderdale, FL 33316; KURT BOSSHARDT, ESQ., Counsel for Defendant, Willmar, 1600 Southeast 17th Street, Suite 405, Fort Lauderdale, FL 33316; and JEFF

6

W. MILLER, ESQ., Counsel for Defendant, Willmar, 1600 Southeast 17th Street, Suite 405, Fort

Lauderdale, FL 33316, via transmission of Notices of Electronic Filing generated by CM/ECF.

BUNNELL WOULFE KIRSCHBAUM KELLER
McINTYRE GREGOIRE & KLEIN P.A.
Counsel for Defendant Fountaine Pajot, S.A.
One Financial Plaza, Suite 900
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 761-8600
Facsimile: (954) 525-2134
email: ddk@bunnellwoulfe.com
email: all@bunnellwoulfe.com

By: s/Alan L. Landsberg
D. David Keller
Fla. Bar No. 288799
Alan L. Landsberg
Fla. Bar No. 238635

BUNNELL  WOULFE  KIRSCHBAUM  KELLER  McINTYRE  GREGOIRE  &  KLEIN  P.A.
ONE FINANCIAL PLAZA, SUITE 900 • 100 SOUTHEAST 3rd AVENUE • FORT LAUDERDALE, FLORIDA 33394 • 954.761.8600