UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 07-61284-CIV-COHN/SELTZER

BLUEWATER TRADING LLC
a/k/a BLUE WATER TRADING LLC,

        Plaintiff,

v.

FOUNTAINE PAJOT, S.A.,
and WILLMAR USA, INC.,

        Defendants.
_____/

## ORDER REGARDING SERVICE OF PROCESS ON DEFENDANT FOUNTAINE

**THIS CAUSE** is before the Court upon Plaintiff's Second Motion to Determine Whether Defendant, Fountaine, Was Effectively Served With Process [DE 66]. The Court has considered the Motion, Defendant Fountaine's Response [DE 72], and the record, and is otherwise fully advised in the premises.

In this Motion, Plaintiff asks the Court to determine whether Defendant Fountaine Pajot, S.A. ("Fountaine") has been properly served, and if it has not, to allow Plaintiff to serve the president of Fountaine when he visits Florida for the 2008 Miami Boat Show, to be held during the period of February 14-18, 2008.

**I.**    **Sufficiency of Service on Defendant Fountaine**

Pursuant to Federal Rule of Civil Procedure 4(h), service on a corporation may be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Thus, Plaintiff properly relies on Florida law with respect to service of process. The Florida Statutes

provide that process against any private corporation, domestic or foreign, may be served:

    (a)    On the president or vice president or other head of the corporation;

    (b)    in the absence of any person described in paragraph (a), on the cashier, treasurer, secretary or general manager;

    (c)    in the absence of any person described in paragraph (a), or paragraph (B), on any director; or

    (d)    in the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081. This statute also provides that "if a foreign corporation has none of the foregoing officers or agents in the state, service may be made on any agent transacting business for it in the state." Fla. Stat. § 48.081(2).

Defendant Fountaine is a French corporation with its principal place of business in La Rochelle, France. Fountaine is not authorized or registered with the Florida Secretary of State to do business in Florida. In its previous efforts to complete service of process on Defendant Fountaine, Plaintiff served the Summons and Complaint for Fountaine on attorney Kurt Bosshardt, the registered agent for Defendant Willmar.

In the instant Motion, Plaintiff argues that Fountaine designated Willmar as its agent to accept notice of warranty claims, and is its agent to transact business in Florida regarding the management and resolution of warranty claims.[1] Thus, Plaintiff

---

[1] Plaintiff also argues, in Paragraph 7 of its Motion, that Fountaine uses Willmar as its business agent to help market and sell Fountaine Pajot vessels. However, the only evidence provided in support of this argument is the fact that in October 2007, Willmar sent an email to Plaintiff asking its representative to meet with Fountaine's President and General Manager at the Annapolis Boat Show to discuss Plaintiff's

contends, Willmar was able to accept service for Fountaine as either its business agent or an agent transacting business for it in the state of Florida.  Plaintiff bases these assertions on the procedure set out in Fountaine's written warranty, which provides that an owner should give notice of alleged defects to the dealer or other distributor from whom he acquired the boat, in this case, Willmar.  From this, Plaintiff infers that this procedure makes Willmar, the dealer, Fountaine's agent for purposes of warranty claims.

In response, Fountaine argues that Willmar is not its agent.  In support of its position, Fountaine points to the Contract for Sale, executed by Plaintiff with Willmar, which specified that Willmar is "not an agent of the manufacturer(s) for warranty purposes even if the dealer completes or attempts to complete repairs for the manufacturer(s)." (Amended Complaint, [DE 57-2] Exhibit 1.)  From this contractual language, it seems clear that Willmar is not, in fact, an agent of Fountaine for warranty purposes.  Accordingly, in the absence of any other evidence from Plaintiff showing that Willmar is acting as Fountaine's business agent in some other way, this Court must conclude that there is insufficient evidence to indicate that Willmar is Fountaine's business agent or an agent transacting business on behalf of Fountaine in Florida, and service of the Summons and Complaint for Fountaine on an agent of Willmar was insufficient.

---

warranty claims.  This evidence would seem to pertain only to the argument that Willmar was Fountaine's agent for warranty purposes, not for a broader purpose involving the marketing and sale of Fountaine's vessels.

## II.   Waiver

Plaintiff also briefly argues, in Paragraph 21 of its Motion, that because Fountaine's attorneys participated in the scheduling conference held before Judge Seltzer, Fountaine has "arguably waived service of process." Pursuant to Federal Rule of Civil Procedure 12(h), a party waives the defense of insufficient service of process if it fails to either raise it by motion before pleading, under Rule 12(b), or include it in a responsive pleading. In its Motion to Dismiss [DE 18], filed before any responsive pleading in this matter, Defendant Fountaine properly raised the insufficiency of service of process defense. This defense was properly preserved, therefore, and Defendant Fountaine did not waive it simply by appearing as required for a scheduling conference before Judge Seltzer. Accordingly, the Court finds Plaintiff's argument regarding waiver to be without merit.

## III.   Alternative Motion for Leave to Serve Process on Fountaine's Representative Before or After His Deposition

In the alternative, Plaintiff seeks leave of this Court to complete service of process during the 2008 Miami Boat Show, when representatives of Fountaine will be in Miami and appearing at a deposition regarding jurisdictional issues.[2] Under Florida law, service of process may be effectuated by serving the Summons and Complaint in this

---

[2] The Court notes that allowing Plaintiff to effectuate service in this manner would cause no prejudice to Defendant Fountaine. Fountaine has, for practical purposes, been on notice of this suit since the Summons and Complaint were served on Willmar's attorney, as both Fountaine and Willmar are represented by the same counsel. Furthermore, in its Response to the instant Motion, Fountaine requests, in the alternative, that the Court reach precisely the conclusion that it does reach in this order: permitting service, but reserving ruling on Fountaine's arguments related to jurisdiction. Accordingly, the Court concludes that Fountaine does not object to this relief, and sees no harm in providing it.

manner. See Fla. Stat. § 48.081.

Defendant Fountaine, however, argues that personally serving an officer of a non-resident foreign corporation while he is in Florida is "insufficient to give the Florida courts in personam jurisdiction where there [is] no showing that the corporation had been doing business in Florida or that the cause of action arose from the corporation's activities in this state." Caribe & Panama Invs, S.A. v. Christensen, 375 So.2d 601, 603 (Fla. 3d DCA 1979). While Fountaine may be correct on this point, a determination as to whether or not this Court has personal jurisdiction over Fountaine is the subject of Fountaine's currently pending Motion to Dismiss, which will be fully briefed and ruled upon following the completion of jurisdictional discovery. The matter is not ripe at this time, and accordingly, the Court reserves ruling as to personal jurisdiction. However, the Court does conclude that Plaintiff may complete the technical requirements of service of process by personally serving a representative of Fountaine, in accordance with Fla. Stat. § 48.081, while that representative is in the state of Florida for the Miami Boat Show, and hereby grants Plaintiff leave to do so.

## IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion requesting a determination as to sufficiency of service [DE 66] is **GRANTED**. This Court finds that Defendant Fountaine Pajot, S.A. was not effectively served with process when Plaintiff served the Summons and Complaint for Fountaine on an agent of Defendant Willmar.

2.  Plaintiff's request, in the alternative, that it be permitted to serve process on Fountaine's representative during the 2008 Miami Boat Show is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this __11th__ day of February, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record