UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61284-CIV-COHN/SELTZER

BLUEWATER TRADING LLC,
a/k/a BLUEWATER TRADING LLC,
a Delaware Limited Liability Company

       Plaintiff,

v.

FOUNTAINE PAJOT, S.A.
and WILLMAR USA, INC.,

       Defendants.

                              /

**DEFENDANT, FOUNTAINE PAJOT, S.A.'S, SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, FOUNTAINE PAJOT, S.A. ("FOUNTAINE"), by and through its undersigned counsel, hereby files this Supplemental Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint and as grounds therefore states as follows:

1.      On January 8, 2008, Plaintiff, BLUEWATER TRADING LLC ("BLUEWATER"), filed its Amended Complaint against WILLMAR USA, INC. ("WILLMAR") and FOUNTAINE [DE 57].

2.      On January 17, 2008, FOUNTAINE filed a Motion to Dismiss Plaintiff's Amended Complaint alleging insufficiency of service of process, lack of personal jurisdiction, improper forum under the parties' agreement, and other enumerated substantive grounds [DE 60].

3.      On February 4, 2008, Plaintiff, BLUEWATER TRADING LLC ("BLUEWATER") filed Plaintiff's Second Motion to Determine whether Defendant, FOUNTAINE, was Effectively Served With Process; Or, in the Alternative, Plaintiff's Motion for Leave to Serve Process on

FOUNTAINE's Corporate Representative While he is in Miami-Dade County to Attend the 2008 Miami International Boat Show and Memorandum of Law In Support Thereof [DE 66].

4.      On February 7, 2008, FOUNTAINE filed a response to BLUEWATER's Motion [DE 72].  FOUNTAINE's Response argued that BLUEWATER's original service of process was ineffective and any subsequent service upon FOUNTAINE'S Corporate Representative while at the 2008 Miami International Boat Show would also be ineffective [DE 72].

5.      The Court ultimately determined BLUEWATER's original service of process was invalid [DE 73].  At the same time, the Court granted BLUEWATER leave to comply with the technical requirements of serving FOUNTAINE's Corporate Representative while in the State of Florida while reserving a decision as to the validity of such service until determining personal jurisdiction. [DE 73].

6.      On February 11, 2008, BLUEWATER served FOUNTAINE's Corporate Representative, Eric Bruneel, who was scheduled for a deposition while in the State of Florida to attend the 2008 Miami International Boat Show.

7.      In light of the foregoing, FOUNTAINE supplements its pending Motion to Dismiss in two regards.  First, as a result of this Court's Order [DE 73] declaring BLUEWATER's original service of process ineffective, FOUNTAINE withdraws its defenses to the original service of process as moot.  Second, FOUNTAINE supplements its pending Motion to Dismiss Plaintiff's Amended Complaint by incorporating by reference its previously raised challenges to BLUEWATER's subsequent service of process upon FOUNTAINE's Corporate Representative contained in its Response to Plaintiff's Second Motion to Determine whether Defendant, FOUNTAINE, was Effectively Served With Process; Or, in the Alternative, Plaintiff's Motion for Leave to Serve Process on Fountaine's Corporate Representative While he is in Miami-Dade County to Attend the 2008

Miami International Boat Show and Memorandum of Law In Support Thereof [DE 72].

9.      Accordingly, <u>BLUEWATER must demonstrate that its cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida.</u>  *Caribe and Panama Investments, S.A., v. Christensen*, 375 So. 2d 601, 603 (Fla. 3d DCA 1979) (citing *Youngblood v. Citrus Associates of New York Cotton Exchange, Inc.*, 276 So. 2d 505, 509 (Fla. 4th DCA 1973)(*emphasis added*).[1]  This "connexity" requirement is mandated by the Florida Courts before jurisdiction may be found over a non-resident defendant.  *Id.* "It is clear that doing business in the state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction.  There must also be some nexus or connections between the business that is conducted in Florida and the cause of action alleged."  *Bloom v. A.H. Pond Co.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

10.     In this instance, BLUEWATER alleges FOUNTAINE violated the Magnuson-Moss Federal Trade Commission Act and the Florida Deceptive and Unfair Trade Practices Act.  Amended Complaint, Counts I and II.  These violations are unrelated to any events which transpired in the State of Florida.  The subject vessel was delivered to and remains in the U.S. Virgin Islands.  Also, any acts or omissions by FOUNTAINE relating to the delivery of the warranty or representations of the quality of the warranty occurred in the U.S. Virgin Islands.  Moreover, this Court already ruled that WILLMAR has failed to produce sufficient evidence to demonstrate WILLMAR is a business agent of FOUNTAINE within the State of Florida [DE 73].  Therefore, WILLMAR's actions in the State of Florida relating to BLUEWATER may not be attributed to FOUNTAINE.

11.     Since  BLUEWATER's  claims  are  unrelated  to  any  business  or  actions  of

---

[1]Florida Statutes require more activities or contacts to sustain service of process than are currently required by the decisions of the United States Supreme Court. *Youngblood*, 276 So. 2d at 508.

FOUNTAINE within the State of Florida, BLUEWATER's service upon FOUNTAINE pursuant to § 48.081, Florida Statutes, is invalid, and the Court lacks personal jurisdiction over FOUNTAINE.

WHEREFORE, Defendant, FOUNTAINE PAJOT, S.A. respectfully requests that this Court enter an Order Granting its Motion to Dismiss Plaintiff's Amended Complaint because of insufficiency of service of process, lack of personal jurisdiction, improper forum under the parties' agreement, and other enumerated substantive grounds and for such other and further relief as this court deems just and proper.

I HEREBY CERTIFY that on the 11th day of March, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on FARRIS J. MARTIN, III, ESQ., Counsel for Plaintiff, 119 Southeast 12th Street, Fort Lauderdale, FL 33316; KURT BOSSHARDT, ESQ., Counsel for Defendant, Willmar, 1600 Southeast 17th Street, Suite 405, Fort Lauderdale, FL 33316; and JEFF W. MILLER, ESQ., Counsel for Defendant, Willmar, 1600 Southeast 17th Street, Suite 405, Fort Lauderdale, FL 33316, via transmission of Notices of Electronic Filing generated by CM/ECF.

BUNNELL WOULFE KIRSCHBAUM
KELLER &  GREGOIRE P.A.
Counsel for Defendant Fountaine Pajot, S.A.
One Financial Plaza, Suite 900
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 761-8600
Facsimile: (954) 525-2134
email: all@bunnellwoulfe.com

By:    s/Alan L. Landsberg
          Alan L. Landsberg
          Fla. Bar No. 238635