UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61284-CIV-COHN/SELTZER



BLUEWATER TRADING LLC,
a/k/a BLUE WATER TRADING LLC,
a Delaware Limited Liability Company,

        Plaintiff,

v.

WILLMAR USA, INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant Willmar's Affirmative Defenses of "Disclaimer," "Failure to State a Claim," and "Third Party Responsibility" (DE 99) ("Motion"). The Court has considered the Motion, Defendant Willmar USA, Inc.'s Opposition to Plaintiff's Motion to Strike Affirmative Defenses (DE 100) ("Opposition"), the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons discussed below, the Motion will be granted in part and denied in part.

### I. LEGAL STANDARD

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters.

1

Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted). An affirmative defense will only be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

## II. ANALYSIS

Plaintiff's Motion seeks to strike the affirmative defense contained in Defendant Willmar USA, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (DE 98) ("Answer") which reads:

> A.  **Disclaimer:**  The Sales Contract contained a valid, conspicuous and enforceable disclaimer of both the Implied Warranty of Merchantability and the Implied Warranty of Fitness for a particular Purpose, and therefore Willmar cannot be held liable under either of these warranties.

Answer at 6.  Plaintiff correctly points out that in ruling on Defendant's motion to dismiss, this Court found "that the disclaimer language in the Sales Contract is not conspicuous, under Florida law, and thus, the disclaimer is invalid."  Order Granting in Part and Denying in Part Defendant Willmar USA's Motion to Dismiss (DE 95) at 6. The Court sees no reason to reconsider this determination.  Accordingly, Defendant's affirmative defense of "Disclaimer" is invalid as a matter of law and Plaintiff's Motion to strike this defense will be granted.

Next, Plaintiff's Motion seeks to strike the affirmative defense contained in the Answer which reads:

> C.  **Failure to State a Claim Upon Which Relief Can be Granted:**  Bluewater fails to state a claim upon which relief can be granted for breach of a warranty of fitness for a particular purpose because it fails to allege a particular purpose beyond the normal and ordinary use of the Vessel for which it claims such a breach of warranty.

Answer at 6 (citation omitted).  The foregoing statement, although labeled an affirmative defense, alleges a defect in Plaintiff's *prima facie* case.  In other words, the assertion in Defendant's Answer is a denial of Plaintiff's claim rather than an affirmative defense.

3

See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc., No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). As Defendant notes, where a party labels a specific denial as a defense in its pleadings, courts will generally treat the defense as a denial. See Opposition at 5.[1] "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1269 (3d ed. 2004). When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial. Home Management Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007); Ohio Nat'l Life Assurance Corp. v. Langkau, No. 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006). Accordingly, the Court will treat this affirmative defense as a denial and will not strike it.

Finally, Plaintiff's Motion seeks to strike the affirmative defense contained in the Answer which reads:

> E. **Third Party Responsibility:** The alleged "defects" and/or "nonconformities" do not render the Vessel unmerchantable or unfit for its intended purpose as a vessel and are matters covered, if at all, under the warranty provided by the manufacturer, Fontaine Pajot, which is solely responsible thereunder.

Answer at 7. Plaintiff first argues that this "defense is more in the nature of a denial."

---

[1] Although the parties discuss the distinction between an affirmative defense and a specific denial with respect to Defendant's affirmative defense labeled "Third Party Responsibility," this analysis is applicable to Defendant's affirmative defense of "Failure to State a Claim."

Motion at 2. Although the defense begins with a denial, the main thrust of the defense is that even if Plaintiff states a valid claim – such claim is the responsibility of a third party. An allegation of third-party liability is properly construed as an affirmative defense. See, e.g., Geurin v. Winston Industries, Inc., 316 F.3d 879, 884 (9th Cir. 2002) (reversing district court's partial summary judgment on defendant's affirmative defense of third-party liability because the ruling was made while discovery was still open). Plaintiff also argues that the affirmative defense of "Third Party Responsibility" is prejudicial because it may confuse the jury. See Motion at 3. However, the case law cited in Plaintiff's Motion does not support this argument; nor does the Motion contain a sufficient basis regarding potential jury confusion that would meet the significant burden Plaintiff faces on this Motion. In addition, the affirmative defense labeled "Third Party Responsibility" provides fair notice of the nature of the defense and the grounds on which it rests as it identifies the manufacturer, Fontaine Pajot, as the provider of a warranty covering Plaintiff's claims. Therefore, the Court will not strike this defense.

### III. CONCLUSION

In light of the foregoing reasons, it hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses (DE 99) is **DENIED** as to Defendant's "Failure to State a Claim" and "Third-Party Responsibility" Defenses.

2. Plaintiff's Motion to Strike Defendant's Affirmative Defenses (DE 99) is **GRANTED** as to Defendant's "Disclaimer" Defense, which shall be stricken from the pleadings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of September, 2008.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record