UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61284-CIV-COHN/SELTZER

BLUEWATER TRADING, LLC,
a/k/a BLUE WATER TRADING, LLC,
a Delaware Limited Liability Company,

        Plaintiff,

v.

FOUNTAINE PAJOT, S.A., and
WILLMAR USA, INC.,

        Defendants.
_____/

## ORDER DENYING DEFENDANT WILLMAR USA INC.'S MOTION TO DISSOLVE WRIT OF GARNISHMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING WRIT OF GARNISHMENT

**THIS CAUSE** is before the Court on Defendant Willmar USA, Inc.'s Motion to Dissolve Writ of Garnishment [DE 138] ("Motion to Dissolve") and Plaintiff's Motion for Summary Judgment Regarding the Writ of Garnishment Served on HSBC Bank USA [DE 143] ("Motion for Summary Judgment"). The Court has considered all of the parties' submissions, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On November 26, 2008, the Court entered a Final Default Judgment [DE 124] in favor of Plaintiff Bluewater Trading, LLC ("Bluewater") and against Defendant Willmar USA, Inc. ("Willmar") for the sum of $156,650.58, together with post-judgment interest. Bluewater recorded its judgment against Willmar with the Florida Division of Corporations on December 8, 2008. See DE 143-2. On June 23, 2009, Bluewater filed its Motion for Issuance of Post-Judgment Writ of Garnishment [DE 132], which

represented that Bluewater believed HSBC Bank USA ("HSBC") is holding money belonging to Willmar in one or more bank accounts. On the same day, the Clerk of Court issued a Writ of Garnishment [DE 133] as to Garnishee HSBC in the amount of $156,650.58. Garnishee HSBC filed its Answer to Writ of Garnishment [DE 134] indicating it is indebted to Willmar in the total amount of $53,141.08. That sum is contained in three accounts Willmar maintains with HSBC:

    (1) checking account no. 156725525 – $10.42;

    (2) checking account no. 156725584 – $254.16; and

    (3) checking account no. 156725703 – $52,876.50.

See DE 134 ¶ 1.

On July 14, 2009, Willmar filed the Motion to Dissolve which argues that the third account (checking account no. 156725703) is an "escrow account" and the $52,876.50 held in that account is "not owed to or entitled to be paid to Willmar USA." DE 138 ¶ 4. Instead, Willmar argues that the money is owed to four different entities or individuals in the following amounts:

    (1) Advokat, LLC – $6,718.71;

    (2) CYOA Yacht Charters – $9,000.00;

    (3) Philippe Guillemin – $26,350.00; and

    (4) Internal Revenue Service ("IRS") – $2,818.05.

Id. On August 3, 2009, Bluewater and Willmar filed a Joint Stipulation for Release of Funds that Are the Property of Advokat, LLC and CYOA Yacht Charters [DE 145]. The Joint Stipulation states that Bluewater and Willmar "stipulate and agree to the release of money that is the property of Advokat, LLC and CYOA Yacht Charters, which funds

2

are held by HSBC Bank USA pursuant to a writ of garnishment." DE 145 at 1.  Based on the Joint Stipulation, the Court entered an Order Directing Release of Funds [DE 147] which ordered HSBC to pay Advokat, LLC the sum of $6,718.71 and CYOA Yacht Charters the sum of $9,000 from checking account no. 156725703.  See DE 147 at 2. Accordingly, the only issues that remain for the Court to decide is whether Bluewater is entitled to amounts which Willmar asserts are owed to Mr. Guillemin and the IRS.[1]

## II. ANALYSIS

Rule 69 of the Federal Rules of Civil Procedure states that proceedings in aid of judgment or execution shall be governed by the procedure of the state where the court is located.  Fed. R. Civ. P. 69(a)(1); see also Orix Financial Services, Inc., v. Sims, 2008 WL 681037 *1 (M.D.Fla. March 7, 2008).  Therefore, Florida law applies to the parties' Motions.

Willmar asserts that Philippe Guillemin is owed $26,350.00 as a commission "for service as both selling and listing broker in the sale" of a 2004 model Fountaine-Pajot Cumberland 44 trawler named "Advokat."  DE 138 at 2; see also DE 141 ¶ 6.  In support of this assertion, Willmar submits the Affidavit of Philippe Guillemin which states that Mr. Guillemin is entitled to the money, DE 138-2 ¶ 3(c), and a letter from Philip Farfan, the purchaser of the Advokat, which states that "Mr. Guillemin was the only agent in the recently completed sale/purchase of the motor vessel Advokat." DE

---

[1] Bluewater's Motion states that Willmar does "not object to Bluewater's garnishment of $10.42 held in Checking Account No. 156725525; $254.16 held in Checking Account No. 156725585; or $7,989.74 held in Checking Account No. 156725703.  Bluewater is unquestionably entitled to recover the minimum sum of $8,254.32 held in the three checking accounts." DE 143 ¶ 13.

138-4. However, Bluewater submits a "Closing Statement" for the sale that was prepared by Mr. Guillemin which indicates that the commission is owed to "Willmar USA." DE 141 at 7-8. In addition, Bluewater argues that "[i]f Willmar USA, Inc. owes Mr. Guillemin any money then he should file suit against it for breach of contract and obtain a judgment like Bluewater did." DE 142 ¶ 29.[2]

The Court finds that Bluewater has a superior interest to the $26,350.00 being held in checking account no. 156725703. The Closing Statement submitted by Bluewater is the strongest evidence to establish to whom the money is owed. Further, Fla. Stat. § 77.01 provides:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. <u>The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations</u>.

Id. (emphasis added). Here, Bluewater has obtained a default judgment against Willmar, recorded its judgment with the Florida Division of Corporations, and obtained and served the Writ of Garnishment. Accordingly, the Court finds that Bluewater, not Mr. Guillemin, is entitled to the $26,350.00 at issue.

---

[2] Bluewater also contends that "Phillippe Guillemin is the vice-president and director of Willmar USA, Inc. Willmar USA, Inc. closed its offices soon after Bluewater obtained its judgment. While Willmar USA, Inc. continues to list vessels for sale on an internet website . . ., upon information and believe the Willmar USA brokerage is currently being run out of Mr. Guillemin's home or personal office space. In essence, Willmar USA, Inc. is the alter ego of Mr. Guillemin." DE 142 ¶ 29.

In order for a federal tax lien to obtain priority against other creditors, the IRS must file notice of the lien in accordance with 26 U.S.C. § 6323(f). See <u>Sandclay Trucking Inc., et al. v. Free Piping, Inc., et al.</u>, 1996 U.S. Dist. LEXIS 9742 (M.D. Fla. June 24, 1996) (finding that creditors' claim was superior to the claim of the tax lien of the because the IRS did not perfect its lien against the company until after the creditors served their writ of garnishment). Here, there is no evidence before this Court that the IRS has taken any action and Bluewater has already served the Writ of Garnishment on HSBC. Moreover, the only evidence that the IRS is owed money by Willmar is the Affidavit of Phillippe Guillemin. Accordingly, the Court finds that Bluewater is entitled to the $2,818.05 in checking account no. 156725703 which Willmar alleges is being held in escrow for the IRS.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Willmar USA, Inc.'s Motion to Dissolve Writ of Garnishment [DE 138] is **DENIED**.
2. Plaintiff's Motion for Summary Judgment Regarding the Writ of Garnishment Served on HSBC Bank USA [DE 143] is **GRANTED**.
3. HSBC Bank USA shall pay Plaintiff Bluewater Trading, LLC the following sums from the accounts referred to in Garnishee HSBC Bank's Answer to Writ of Garnishment [DE 134]:
   a. $10.42 from checking account no. 156725525;
   b. $254.16 from checking account no. 156725584; and

   c. $37,157.79 from checking account no. 156725703.

4. Plaintiff's Motion to Strike Exhibits B (DE 138-3) and D (DE 138-5) of Willmar USA's Motion to Dissolve Writ of Garnishment is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 13th day of October, 2009.

/s/ James I. Cohn
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF